**SO ORDERED.**

**SIGNED this 14th day of July, 2016.**



_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

**IN THE MATTER OF:**

| | | |
|---|---|---|
| THOMAS E. COMMERFORD and JEAN LAKE COMMERFORD, | ) ) ) | |
| Debtors. | ) ) ) ) | Case No. 14-50218 (Chapter 13) |
| _____ THOMAS E. COMMERFORD and JEAN LAKE COMMERFORD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CALIBER HOME LOANS, INC.  and KANNAPOLIS LAND, INC. | ) ) ) | ADVERSARY PROCEEDING 14-6019 |
| Defendants. | ) ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter came before the court for hearing on June 29, 2016 upon Plaintiffs', Thomas

E. Commerford and Jean Lake Commerford (the "Debtors" or the "Commerfords"),   and

Defendant's, Caliber Home Loans, Inc. ("Caliber") cross motions for summary judgment. After considering the pleadings, the Motions and supporting materials and the arguments of counsel, the Court **Denies** the Commerfords' Motion for Summary Judgment and **Grants** Caliber's Motion for Summary Judgment for the reasons set forth below.

## UNDISPUTED FACTS

On July 2, 1990 the Commerfords acquired title to a 4.027 acre tract of land by deed recorded in Book 758, Page 43 of the Cabarrus County Public Registry[1] (the "1990 Deed"). On June 18, 1991, the Commerfords essentially subdivided the 4.027 acre tract by virtue of a deed (recorded in Book 795, Page 175) which conveyed a .923 acre portion of the above described property from themselves to themselves (the "1991 Deed").

Following this subdivision, the Commerfords owned a 3.1 acre parcel and the adjacent .923 acre parcel.  The 3.1 acre parcel has: (1) the address 605 China Grove Road, Kannapolis, North Carolina, (2) the Cabarrus County Parcel Identification Number (PIN) 56249177440000, (3) the Cabarrus County Real Property Identification Number 04-030-00001.00, and (4) a house (the Commerfords' residence) affixed to it (the "Property").  The .923 acre parcel is vacant, has a different address, and different identification numbers (the "Vacant Lot").

On May 8, 2002, the Commerfords granted a first lien deed of trust on the Property and the Vacant Lot to Fidelity Mortgage, Inc. securing a loan in the principal amount of $126,000 and recorded in Book 3806, Page 25 (the "Fidelity Loan", the "Fidelity Deed of Trust").

[1] All subsequent references to Book and Page are to the Cabarrus County, North Carolina Public Registry.

In December of 2006, the Commerfords refinanced the Fidelity loan with a $141,000.00 loan from Caliber's predecessor in interest, Delta Funding Corporation (the "Loan") ("Delta Funding"). In the course of this refinance, Delta Funding obtained an appraisal of the Property, not the Vacant Lot. Loan proceeds in the amount of $119,748.28 were used to satisfy the loan secured by the Fidelity Mortgage Deed of Trust. The Commerfords secured the Loan with a deed of trust recorded on December 15, 2006 in Book 7217, Page 202 (the "Deed of Trust").

In several instances, the Deed of Trust identifies the intended collateral by its address (605 China Grove Road, Kannapolis, North Carolina), identifies the collateral as being improved by a one to four family dwelling, and includes an occupancy covenant. The Exhibit A to the Deed of Trust, however, incorrectly references the 1991 Deed which describes the Vacant Lot.

Both Commerfords testified, unequivocally, that the land they intended to encumber with the Deed of Trust is the Property and not the Vacant Lot. It is undisputed that the intended collateral for the Loan was (and is) the Property.

## RELEVANT PROCEDURAL HISTORY

The Commerfords filed this adversary proceeding on July 16, 2014 asserting one claim in which they asked the Court to determine that the "Defendant holds no claim against or interest in 605 China Grove". On December 15, 2014, Caliber filed an Amended Answer, Counterclaims and Affirmative Defenses.[2] Caliber disputed the relief sought by the Commerfords and asserted several counter claims and affirmative defenses, including a counterclaim for reformation of the

---

[2] On or about August 11, 2011 Kannapolis Land, Inc. ("Kannapolis Land") obtained a judgment against the Commerfords in Cabarrus County Superior Court Civil Action 11-CVS-2154 in the principal amount of $36,608.38. Kannapolis Land has not filed a responsive pleading and default was entered as to it on July 21, 2015. Caliber moved for entry of default judgment as to it, simultaneously with the filing of its Motion for Summary Judgment and a separate order will be entered as to Kannapolis Land

Deed of Trust to include a correct metes and bounds description of the Property and to remove the incorrect reference to the Vacant Lot. On December 22, 2014 the Commerfords filed their Reply to Caliber's Counterclaims.

## DISCUSSION

### Standard of Review

Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that summary judgment shall be awarded when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 519 (4th Cir. 2003). While the movant has the initial burden of establishing that there are no genuine issues of fact, once the burden is met, the non-moving party must show that a genuine issue of material fact actually exists. *Id* at 521.

### Caliber is entitled to Reformation of the Deed of Trust to give effect to the intention of the parties

> "Reformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by fraud of the other, the written instrument fails to embody the parties' actual, original agreement. … Where a legal instrument does not express the true intentions of the parties due to mutual mistake or the mistake of the draftsman, reformation is available. …"

*Wells Fargo Bank v. Coleman*, 768 S.E.2d 604, 611, ___N.C. App.____ (2015), *disc. rev. denied* 368 N.C. 280; 775 S.E.2d 871 (2015) (internal citations omitted) (concluding that unless defendant borrowers prevailed on certain defenses, lender was entitled to summary judgment in its favor, reforming deed of trust to correctly reflect the intended collateral – two improved lots, where: (1) the deed of trust included the correct property address of the developed property (but had an inconsistent reference to a parcel identification number and deed which described vacant lots), (2) lender obtained an appraisal of the developed property, (3) lender applied the vast majority of the loan to payoff an existing mortgage on the developed property, and (4) defendants did not forecast any evidence tending to show the deed of trust was intended to encumber the undeveloped lots); *see also Ocwen Loan Services, LLC v Hemphill*, 779 S.E.2d 193, __N.C. App.__(2015)) (affirming summary judgment in favor of lender against borrowers and reforming deed of trust to correctly reflect the intended collateral - a lot with a house, rather than a vacant lot – where: (1) the deed of trust identified the collateral by address of the improved lot (but the metes and bounds description was of the unimproved lot); (2)  the deed of trust included an occupancy provision; (3) lender obtained appraisal of improved lot in conjunction with making the loan).

In the case at hand, the evidence is uncontroverted: the Property was the intended collateral for the Deed of Trust. The evidence includes: (1) the contents of the Deed of Trust itself (the identification of the Property by address and inclusion of an occupancy provision); (2) the fact that Caliber's predecessor obtained an appraisal of the Property prior to making the loan and did not obtain an appraisal of the Vacant Lot; and (3) as in both *Coleman* and *Hemphill*, the vast majority of the Loan proceeds were used to pay off a prior deed of trust which encumbered

the Property.  Finally, the Commerfords both testified that the intended collateral for the Deed of Trust was the Property - the Commerfords simply do not dispute that the intended collateral for the Deed of Trust was the Property, rather than the Vacant Lot.

There is no issue of fact regarding the intended collateral. As such, to the extent the Deed of Trust does not correctly identify the Property as the collateral for same, the Deed of Trust does not express the true intent of the parties, and this failure to include a material term constitutes a mutual mistake of the parties. Caliber is entitled to an order reforming the Deed of Trust to include the correct description of the Property and declaring that the reformation relates back to the recording of the Deed of Trust.

### North Carolina's Recording Statutes and Case Law regarding disputes with Third Parties are not relevant to the dispute between the Commerfords and Caliber.

The Debtors appear to argue that North Carolina's registration requirements for deeds and deeds of trust, as well as the bankruptcy opinions in *In Re Rose*, No. 08-00625-8, 2009 WL 2226658 (Bankr. E.D.N.C. July 20, 2009) and *Meade v. Bank of Am.* (*In Re Meade*), Ch. 11 Case No. 09-11148-8-JRL, Adv. No. 10-00280-8-JRL, 2011 WL 5909398 (Bankr. E.D.N.C. July 29, 2011) support their claim and should preclude the relief sought by Caliber. However, the case at hand is a dispute between the actual parties to the Deed of Trust.  With respect to registration requirements, it is well settled that a deed of trust is valid between the parties even though it is not recorded. *See, e.g.*, *Joseph v. Cooper*, 539 B.R. 489, 496 (2015) (citing *Patterson v. Bryant*, 216 N.C. 550, 5 S.E.2d 849 (1939)). North Carolina's recording statutes do not determine the legitimacy of a deed of trust as between the parties to it, but are designed to address priority as to subsequent lenders and purchasers for value. *See* N.C.G.S. §47-20.

6

With respect to *Rose* and *Meade*, both of these cases concerned the validity of a deed of trust (and the ability to reform errors in same) as to third parties – in *Rose*, the third party was the Chapter 7 trustee as a hypothetical purchaser and in *Meade*, the "third party" was the Chapter 11 debtor in possession as judgment creditor.  Neither situation exists in the case at hand.  Again, the instant dispute is between the parties to the Deed of Trust; the law as it relates to notice to third parties has no bearing on the dispute between the Commerfords and Caliber.

**11 U.S.C. § 522 (h) is not applicable to this case.**

Debtors suggest that they have the authority to utilize the trustee's 11 U.S.C. § 544 avoidance powers pursuant to 11 U.S.C. § 522 (h).  Debtors, however, do not meet the requirements of 11 U.S.C. § 522 (h).   As a threshold matter, 11 U.S.C. § 522 (h) provides for limited circumstances under which a debtor can use section 544 to avoid **involuntary** transfers of exempt property. The Deed of Trust is a voluntary transfer, and thus 11 U.S.C. § 522 (h) is not applicable.[3]

**CONCLUSION**

For the foregoing reasons, the Commerfords' Motion for Summary Judgment is **Denied** and Caliber's Motion for Summary Judgment is **Granted** and it is hereby Ordered as follows:

(1) the Deed of Trust is reformed to include the correct description of the Property as follows:

> All that parcel of land in Cabarrus County, State of North Carolina described in Deed Book 758, page 43 of the Cabarrus County Public Registry and being more fully described as:

---

[3] The Chapter 13 Trustee had standing to bring an action under 11 U.S.C. § 544.  Counsel for the Trustee stated they did not believe that under these facts, such an action would have been successful.

7

Lying in Number Four Township, Cabarrus County, North Carolina, on the west side of China Grove Road and the southern boundary of the Rowan County/Cabarrus County division line and Durham property on the east side, said following description being taken from a physical survey of two (2) tracts entitled "The Property of Barrett Estate", prepared by Zackie L. Moore, Registered Land Surveyor, January 2, 1989, and being more particularly described as follows:

BEGINNING at a stake in the western edge of China Grove Road and in the southern dividing line of Rowan County/Cabarrus County and runs thence with the western edge of China Grove Road, S. 17-55-30 W. for a distance of 300 feet to a stake; thence continuing with the western edge, S. 20-15-35 W. for a distance of 102.33 feet to a new iron pin, the northeast corner of .842 acre tract (Deed Book 484, Page 445); thence with the northern boundary of said .842 acres tract, N. 80 W. for a distance of 236.45 feet to a new iron pin; thence N. 77 W. for a distance of 227 feet to an existing iron pin in the line of Durham property; thence with the line of Durham property, N. 15 E. for a distance of 332.29 feet to a new iron pin in the line dividing Rowan County/Cabarrus County; thence with the dividing line of Rowan County/Cabarrus County, S. 86-20-50 E. for a distance of 496.81 feet to the point of BEGINNING and containing 4.027 acres more or less.

Less and except that .923 acre parcel conveyed in Deed Book 795, Page 175 of the Cabarrus County Public Registry, more fully described as:

Lying in Number Four Township, Cabarrus County, North Carolina, on the west side of China Grove Road, adjoining Rowan County-Cabarrus County line on the north side, said following description being taken from a plat prepared by Zackie L. Moore, Registered Land Surveyor, dated January 2, 1989, and updated June 12, 1991, and being more particularly described as follows:

BEGINNING at the new iron pin in the western boundary of China Grove Road and in the line of Rowan County-Cabarrus County line and runs thence with the western edge of China Grove Road, S. 17-55-30 W. for a distance of 150 feet to a point; thence a new line N. 68-10-50 W. for a distance of 155.42 feet to a point, a new corner; thence a new line N. 86-20-50 W. for a distance of 215 feet to a point, a new corner; thence a new line N. 17-55-30 E. for a distance of 100 feet to a point in Rowan County-Cabarrus County line; thence with the dividing line of Rowan County and Cabarrus County, S. 86-20-50 E. for a distance of 496.81 feet to the point of BEGINNING and containing 0.923 acres more or less.

and the reformation shall relate back to the recording of the Deed of Trust on December 15, 2006; and

(2) the Court hereby instructs the Cabarrus County Register of Deeds to record and index this Order in the names of all parties to this action, under both the grantor and grantee indexes.

[END OF DOCUMENT]

SERVICE LIST

Kristen Nardone
Attorney for Plaintiffs

Zipporah Edwards
Attorney for Defendants

Kathryn Bringle
Trustee

**Kannapolis Land, Inc.**
500 South Cannon Blvd
Kannapolis, NC 28083

William Miller
US Bankruptcy Administrator